IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-131-BO
No. 7:15-CV-244-BO

| | |
|---|---|
| MATTHEW PAUL BOROWSKI, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 50]. The government has moved to dismiss the petition, [DE 60], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On July 3, 2008, Petitioner was arrested in Pelham, Alabama, by the Pelham Police Department (PPD) after traveling to Alabama for the purpose of having a sexual encounter with a 15-year-old juvenile female. [DE 25 at 3, ¶ 4]. The PPD interviewed petitioner after his arrest, and petitioner admitted to having sex with a minor in May 2008, claiming the encounter was consensual. [DE 25 at 4, ¶ 5]. Petitioner later pleaded guilty in Alabama to two counts of sexual misconduct based on original charges of rape and sodomy for this conduct. [DE 25 at 7, ¶ 12]. He was sentenced to two years in state prison but was in custody for two years and 354 days. [DE 25 at 7, ¶ 12].

While being interviewed by PPD on July 3, petitioner also admitted to having sex in Ohio with two other juveniles, between ages 12 and 14, when he was 17 years old. [DE 25 at 4, ¶ 5]. He further acknowledged having child pornography on his personal computer in his barracks

room at Camp Lejeune, where he was stationed as a United States Marine. [DE 25 at 3–4, ¶¶ 4–5]. Following that admission, the Naval Criminal Investigative Service (NCIS) searched petitioner's barracks room, recovering 190 still images and 73 videos of child pornography. [DE 25 at 4, ¶ 5].

Petitioner was then federally indicted on November 28, 2012, on six counts of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2). [DE 1]. He entered into a plea agreement with the United States in which he promised, among other things, to plead guilty to Count One of the indictment and pay restitution to any victim. [DE 21 at 1, ¶¶ 2.a–2.b]. Petitioner also agreed to waive most of his appellate rights. [DE 21 at 1, ¶ 2.c]. The United States, in turn, agreed to dismiss Counts Two through Six, to recommend a sentence at the low end of the applicable guidelines range, and to consider the federal offense to predate the conduct in petitioner's Alabama sexual-misconduct conviction. [DE 21 at 5–6, ¶¶ 4.a–4.c].

Based on petitioner's total offense level of 37 and criminal history category of I, his advisory guidelines range was 210 to 262 months, capped at the statutory maximum sentence of 240 months. [DE 25 at 12, ¶ 51]. Petitioner's counsel filed a 61-page sentencing memorandum urged the Court to sentence petitioner to a below-guidelines imprisonment term of five years, followed by five years of supervised release involving any further treatment petitioner might need. [DE 30 at 10]. Supporting that request, petitioner's counsel reviewed the sentencing factors of 18 U.S.C. § 3553(a), arguing that petitioner's offense conduct was less serious than Congress had in mind in mandating the child pornography guideline, in part because petitioner's conduct was driven by PTSD. [DE 30 at 12].

This Court held petitioner's sentencing hearing on September 25, 2013. [D.E. 39]. The Court reviewed the pre-sentence report (PSR), including petitioner's base offense level and the

2

several specific offense characteristics that increased that offense level. [DE 39 at 5–6]. The Court also heard arguments from both of petitioner's attorneys who argued that petitioner's turn to child pornography was a result of the stress and trauma of service in a combat role in Iraq. [DE 39 at 7–8]. Government counsel requested a sentence of 174 months' imprisonment, reflecting a downward departure from the bottom of the advisory guidelines range based on the time petitioner spent in prison in Alabama. [DE 39 at 20]. Government counsel rejected the notion that petitioner's PTSD explained or justified petitioner's conduct. [DE 39 at 21].

The Court agreed with the government's recommendation, sentencing petitioner to a below-guidelines sentence of 174 months' imprisonment, as well as restitution of $8,000 to an identified victim who had requested it. [DE 39 at 28].

Petitioner appealed the restitution aspect of his sentence to the United States Court of Appeals for the Fourth Circuit. [DE 34]. The Fourth Circuit dismissed that appeal on November 5, 2014, as barred by petitioner's appeal waiver. [DE 44, 45].

Petitioner, proceeding *pro se*, then timely filed the instant motion to vacate or remand for resentencing alleging that he received the ineffective assistance of counsel in violation of the Sixth Amendment. [DE 50]. The government has moved to dismiss the § 2255 motion, arguing that petitioner has failed to state a claim upon which relief can be granted. [DE 60].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that

the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

In order to demonstrate that the assistance of counsel was ineffective in violation of the Sixth Amendment, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90)).

*A. Trial counsel's conduct prior to plea*

Petitioner's first claim is that his counsel was ineffective prior to petitioner's entry of his guilty plea because he failed to research and argue for a suppression motion against the government's evidence. [DE 50 at 4; DE 57 at 1–4]. Petitioner's argument is that Alabama police officers did not apprise him of the reason for his arrest, as he claims is required under Alabama law. [DE 57 at 3]. Therefore, petitioner claims, his statements to police officers regarding the

4

child pornography on his barracks computer in North Carolina could not be used to justify a search of his barracks room, and he claims his attorney should have moved to suppress the results of the search on that basis. [DE 57 at 3].

The reasonableness of a search under the Fourth Amendment is a matter of federal, not state, law. *Virginia v. Moore*, 553 U.S. 164, 170–72, 176–78 (2008). The proper inquiry under the Fourth Amendment is whether the officers had probable cause to arrest and question petitioner. *Id.* at 177. Further, a custodial interrogation is appropriate when the detention is supported by probable cause and the defendant is advised of his rights. *See, e.g., Miranda v. Arizona*, 384 U.S. 436, 444 (1968). A defendant need not be informed of the charges under investigation, or even be formally charged at all before a custodial interrogation may take place. *See United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998) (explaining that an interrogating law enforcement officer "had no duty to advise [the defendant] of the identity of the specific offense for which he was being questioned").

Petitioner does not challenge the Alabama officers' probable cause for detaining him on the Alabama sexual misconduct, nor does petitioner allege that the officers failed to advise him of his rights. The Fourth Amendment does not require Alabama police to inform petitioner of the specific charges they were investigating, and whether the officers violated an Alabama arrest statute by not notifying petitioner of his charges is immaterial to whether the officers violated the Fourth Amendment by questioning him. *Moore*, 553 U.S. at 176. Petitioner does not allege any facts that, if true, would show he was questioned in violation of the Fourth Amendment.

Moreover, even if petitioner's statement was somehow inadmissible, that still would give no basis for evidence seized during the search of his barracks dorm room to be suppressed. When a defendant's statement is otherwise voluntary, the remedy for a *Miranda* violation is only the

5

suppression of the statement, and the "fruit of the poisonous tree" doctrine does not apply to evidence discovered as a result of the statement. *United States v. Sterling*, 283 F.3d 216, 218–19 (4th Cir. 2002). Petitioner does not allege any facts that would show his statement was involuntary, and petitioner does not allege any coercion of that he was unaware of his right to remain silent. Finally, petitioner does not allege any facts which would show that the good faith exception should not apply even if the search of his room was in violation of the Fourth Amendment. *See Davis v. United States*, 131 S. Ct. 2419 (2011).

For all of these reasons, petitioner's suppression argument is without merit. And because that argument is meritless, petitioner's counsel was not ineffective for not raising it prior to entry of his guilty plea, and petitioner can show no prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

### B. Trial counsel's conduct at sentencing

Petitioner's second claim is that his counsel was ineffective for failing to retain a medical expert to testify at sentencing as to how petitioner's PTSD played a contributing role in the commission of his offense. [DE 50 at 5; DE 57 at 4–5]. Petitioner also claims his counsel was ineffective for failing to object to certain information in his PSR that he claims was included in violation of Rule 404 of the Federal Rules of Evidence. [DE 57 at 5].

"Review of counsel's performance is 'highly deferential'" and "[c]ounsel are afforded a strong presumption that their performance was within the extremely wide range of professionally competent assistance." *Baker v. Corcoran*, 220 F.3d 276, 293 (4th Cir. 2000) (quoting *Strickland*, 466 U.S. at 689). In considering whether counsel's performance was deficient, a court "must not permit hindsight to distort [its] assessment of counsel's performance, and [it] must appreciate that counsel may choose a trial strategy from within a wide range of acceptable

6

strategies." *Clagett v. Angelone*, 209 F.3d 370, 380 (4th Cir. 2000).

Petitioner's counsel submitted a 61 page sentencing memorandum which reviewed each of the § 3553(a) factors and detailed the effect of petitioner's PTSD on his life. [DE 30 at 1, 3, 12, 26]. At the sentencing hearing itself, both of petitioner's attorneys argued about the effect of PTSD on petitioner's offense conduct. Mr. Craven told the Court that if petitioner had not served in combat in Iraq, he was "not at all sure we would be here today." [DE 39 at 6]. He further explained the circumstances behind petitioner's PSTD, where he was next to a fellow Marine in Iraq who lost both legs during combat, and argued that "[petitioner] took refuge in pornography when he got back to the United States in the same way that he might well have taken refuge in the bottle." [DE 39 at 7]. Mr. Cushion then followed, providing for the Court a description of his suffering from PTSD and its effect on his own life and arguing for a reduction in petitioner's sentence because of the difficulties individuals have in coping with this condition. [DE 39 at 14–16].

Counsel's performance must be viewed under a highly deferential standard, and petitioner has failed to state a claim in regard to counsel's performance at sentencing which would suggest that it fell below an objective standard of reasonableness. Petitioner's counsel presented evidence and lengthy argument at sentencing regarding petitioner's PTSD and its effects on his behavior. The decision to present this argument through counsel and not through an expert witness is a strategic decision and well within the "extremely wide range of professionally competent assistance." *Baker*, 220 F.3d at 293.

Petitioner's claim that his counsel was ineffective for failing to object to information included in his PSR about his sexual-misconduct convictions in Alabama is also without merit. Petitioner contends that inclusion of such information was prohibited under Rule 404(b) of the

7

Federal Rules of Evidence, [DE 57 at 5], but that argument is meritless because the Federal Rules of Evidence do not apply at sentencing. *United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir. 2010); Fed. R. Evid. 1101(d)(3) (exempting sentencing proceedings from the Federal Rules of Evidence); USSG § 6A1.3(a) (allowing sentencing courts to consider all relevant and reliable information at sentencing, regardless of admissibility at trial).

Petitioner's claims regarding his counsel do not reveal any alleged errors which were "so serious that [counsel] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (internal quotation and citation omitted). For these reasons, the Court finds that petitioner has failed to state a claim upon which relief can be granted and his motion should be dismissed.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 60] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 50] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this **18** day of April, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE